USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINAMARIE BARRALES and LATONYA WRIGHT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CONOPCO, INC. d/b/a UNILEVER,

Defendant.

Case No.: 1:25-cv-10390-RA

**STIPULATION AND PROPOSED PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." As used in this Order, "Confidential Information" means any documents or information (regardless of how they are generated, stored, or maintained) so designated that qualify for protection under Federal Rule of Civil Procedure 26(c). Information or documents that are available to the public without violation of this Order may not be designated as Confidential Information.

2. For testimony given in depositions, the designating party may designate the portions of that testimony to be designated as confidential on-the-record or within thirty (30) days of receipt of the deposition transcript from the court reporter. During that 30-day period, the entire deposition transcript shall be treated as Confidential Information under the terms of this Protective Order. If, after the 30-day period, no party has designated some or all of a deposition transcript as confidential, the entire deposition, or those portions of the deposition not designated as confidential, will no longer be considered

Confidential Information.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized by this Protective Order, that party must immediately (a) notify the designating party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d)

request such person or persons to execute the agreement to be bound by this Protective Order in the form attached hereto.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Restrictions on Use of Artificial Intelligence ("AI") to process Confidential or Highly Confidential Information: Absent notice to and written permission from the producing party, any person or entity authorized to have access to Confidential Information under the terms of this Order shall not (a) use or employ any "open system" AI application, service, or analytical software that will transfer, transmit, send, or allow unauthorized persons access to Confidential Information of Highly Confidential Information, in whole or in part, including metadata, or (b) permit any Confidential Information of Highly Confidential Information to be used to train any publicly accessible artificial intelligence tool. The parties may utilize private "closed system" AI tools, subject to all other Federal Rules of Civil Procedure, attorney ethical obligations, and the law.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or

segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. However, if a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information, that party must (a) promptly notify in writing the designating party; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that same or all of the material covered by the subpoena or order is subject to this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information before a determination by the court from which the subpoena or order issued, unless that party has obtained the designating party's permission. The designating party will bear the burden and expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging any party to disobey a lawful directive from another court.

Case 1:25-cv-10399-RA-KHP Document 47 Filed 07/27/26 Page 5 of 6

SO STIPULATED AND AGREED.


_/s/ William D. Irvine Jr._
Megan O'Neill (admitted *pro hac vice*)
DTO LAW
702 Marshall Street, Suite 640
Redwood City, California 94063
Telephone: (415) 630-4100
Facsimile: (415) 630-4105
Email: moneill@dtolaw.com

William D. Irvine Jr.
DTO LAW
307 5th Avenue, 12th Floor
New York, New York 10016
Telephone: (646) 995-5400
Facsimile: (213) 335-7802
Email: wirvine@dtolaw.com

*Attorneys for Defendant Conopco, Inc.*

_/s/ Raphael Janove_
Raphael Janove
JANOVE PLLC
115 Broadway, 5th Fl.
New York, NY 10006
646-347-3940
raphael@janove.law

Liana Roza Vitale
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
805-505-9550
liana@janove.law

*Attorneys for Plaintiffs*
*and the Proposed Classes*


SO ORDERED.

Katharine H Parker
KATHARINE H. PARKER, U.S.M.J.

Dated: New York, New York
7/27/2026

Case 1:25-cv-10399-RA-KHP Document 47 Filed 07/28/25 Page 6 of 6

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

____________________________________

Signed in the presence of:

____________________________________

(Attorney)